Pedro **PEREZ–MUNOZ**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 05–75737.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007 *.

Filed Nov. 21, 2007.

Pedro Perez–Munoz, Sacramento, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, Esq., John D. Williams, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Pedro Perez–Munoz, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order affirming, without opinion, an Immigration Judge's decision denying his application for cancellation for removal. We have ju-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

risdiction pursuant to 8 U.S.C. § 1252. We review the agency's continuous physical presence determination for substantial evidence. *See Ibarra–Flores v. Gonzales,* 439 F.3d 614, 618 (9th Cir.2006). We grant the petition for review and remand.

An intervening change in the law requires us to remand on the issue of continuous physical presence. In *Ibarra–Flores v. Gonzales,* 439 F.3d 614, 619 (9th Cir. 2006), we held that administrative voluntary departure under threat of deportation breaks the accrual of continuous physical presence only where the alien is informed of the terms of the departure and knowingly and voluntarily accepts the terms of departure. *See also Tapia v. Gonzales,* 430 F.3d 997, 1004 (9th Cir.2005). In the record, there is no indication that Perez–Munoz was informed of the terms of his departure or that he accepted them voluntarily or knowingly, and the agency did not have the benefit of our decisions in *Ibarra–Flores* and *Tapia* at the time it addressed this issue.

Accordingly, we grant the petition for review and remand for further proceedings consistent with *Ibarra–Flores* and *Tapia.*

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.